## ASEL v. COOK.

Circuit Court of Appeals, Eighth Circuit.
December 28, 1927.

No. 7683.

Bankruptcy ⟫186(1)—Trustee of bankrupt corporation, which sold bonds for less than par through defendant broker cannot recover of him his profits or compensation (Const. Mo. art. 12, § 8; Rev. St. Mo. 1919, § 9740).

Even if .Const. Mo. art. 12, § 8, and Rev. St. Mo. 1919, § 9740, as to issuance of bonds by corporations, mean that bonds issued for less than par are void, one to whom a corporation sold its bonds for less than par, or whom it employed to sell them at a compensation which left it net less than their face value, is under no liability to pay to the corporation's trustee in bankruptcy the profit that he made on resale, or to repay the compensation that he received; the transaction being otherwise unobjectionable.

Appeal from the District Court of the United States for the Western District of Missouri.

Action by Henry C. Asel, trustee in bankruptcy, against Howard Cook. Decree for defendant, and plaintiff appeals. Affirmed.

Ira H. Lohman, of Jefferson City, Mo. (Paul Barnett, of Sedalia, Mo., on the brief), for appellant.

R. R. Brewster, of Kansas City, Mo., and Frank A. Thompson, of St. Louis, Mo. (A. T. Dumm, of St. Joseph, Mo., Lewis Hord Cook and W. C. Irwin, both of Jefferson City Mo., Charles H. Mayer, and Guy A. Thompson, of St. Louis, Mo., on the brief), for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is a plenary action brought by the trustee in bankruptcy of the Standard Crate & Filler Company against Howard Cook for $38,792.50, with interest. The above amount is claimed to represent the gains of Cook in a transaction wherein bonds of the bankrupt were disposed of to or by him. From a decree denying recovery, the trustee brings this appeal.

The basis of this suit is that, under the Constitution and laws of Missouri, this company had no authority to issue bonds except at par and in exchange for par value, but that if such power existed, this issue was not authorized by the stockholders or by the board of directors. The constitutional and statutory provisions involved are as follows:

"No corporation shall issue stock or bonds, except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void." Section 8, article 12, Constitution of Missouri.

"The stock or bonds of a corporation shall be issued only for money paid, labor done or money or property actually received. Any corporation may increase its capital stock or its bonded indebtedness * * * but the shares of stock or bonds arising from such increase shall only be disposed of for money paid, labor done or money or property actually received. All fictitious issues or increase of stock or of bonds of any corporation shall be void." Section 9740, R. S. of Mo. 1919.

This action is not against Cook as holder or owner of any of these bonds for the purpose of having such bonds declared void in whole or in part. The evidence shows that he was not such holder or owner of any of the bonds at the time this action accrued or was brought. The suit seems based upon the propositions that the bonds have passed to innocent purchasers for value and their validity is unquestionable or, at least, very doubtfully questionable; that Cook was either a purchaser for partial value and, therefore, liable for the difference between what he paid and par value of the bonds or that he was acting as agent to sell the bonds without authority duly secured from the corporation and, therefore, is liable for the payment made to him as such agent.

There is no real conflict in the evidence as to what took place concerning the relationship of Cook to these transactions. The evidence shows the facts following: The corporation was critically embarrassed by large indebtedness shortly coming due and by urgent need of new capital to carry out certain plans thought necessary to its welfare. Cook seems to have been a financial broker. After endeavoring to raise the necessary funds from other sources, the managing officers of the corporation applied to Cook. He told them he would provide the necessary funds if the bonds could be issued on a 7 per cent. income basis; that he was to receive $25,000 by way of compensation and any profit he could make out of disposition of the bonds above the 7 per cent. basis. This proposition was carried out so that Cook received and paid for the entire issue at par, the bonds bearing 6 per cent. interest. As a part of the same transaction, Cook received back a check for $25,000 and a check for $13,792.50 —this latter check representing the amount below par which would place the bonds upon a 7 per cent. basis. Cook disposed of most of the bonds immediately afterwards to persons with whom he had made arrangements

therefor and most of whom were creditors of the corporation. Ultimately, he sold the rest of the bonds. The greater part of the bonds were disposed of by him upon a 6 per cent. basis, but some of them upon a 7 per cent. basis.

If the above facts constitute Cook a purchaser of the bonds below par, it is difficult for us to see any remedy against him based upon the provision of the Missouri Constitution or statutes which goes no further than to strike at the validity of the bonds. Even if that constitutional provision means (a matter we do not determine) that bonds issued for less than par are void, yet neither it nor the supporting statutory provisions pretend to place any personal liability upon any purchaser of such bonds, with or without knowledge of such deficiency in the consideration for the bonds. The only protection stated or intended by such provisions was such as affected the validity and enforcement of the bonds. If Cook was a purchaser, the $38,792.50 paid back to him as a part of the entire transaction involving the sale of the bonds to him was nothing more or less, in effect, than a discount of that amount from the face of the bonds. No moral turpitude, no fraud, no imposition nor overreaching was practiced by him nor indulged in by the officers of the corporation. The corporation was in dire need of funds and the evidence is undisputed that Cook acted openly and honestly and furnished the funds as cheaply as they could be procured anywhere else. If there was any violation of legal rules it was solely in disregarding the above requirement (claimed by appellant to be applicable) of the Constitution and the supporting statutes. As to such violation (if present) no such liability as here sought to be enforced was intended thereby or can rest upon such requirement.

If, instead of being a purchaser of the bonds, Cook be regarded as an agent acting for the corporation in the sale of its bonds, it is equally difficult to sustain this action. The trustee makes no offer to place him in statu quo nor is it possible to do so. Viewed as an agent, what he did was to render personal services to the corporation. Those services were unquestionably for the benefit of and did benefit the corporation. The evidence shows that the corporation was in need of such services and could not obtain them from others at any less price. There was a clear understanding as to what the services were to be and what was to be paid for them. The services were fully rendered and only the agreed price paid therefor. In

such performance, Cook incurred liabilities and assumed risks. Such a contract was, at most, only voidable if, indeed, it was that. It has been fully executed upon both sides and it is impossible to place the parties as they were before such execution. To grant the relief here sought would give the corporation creditors all of the advantages resulting from the contract both to the corporation and to Cook. Such a contention makes no legitimate appeal to a court of equity.

As, under the circumstances of this case, we can see no basis for any legal liability on the part of Cook to repay his compensation to the corporation or to the trustee, the decree should be, and is affirmed.